Gloria Jean Fischer v. Carolyn W. Colvin, etc. Yes, please go ahead. Thank you, Your Honor. May it please the Court, Joshua Salzman on behalf of Commissioner Colvin. I'd like to reserve two minutes for rebuttal, if I might. Yes. So before I delve into the issue directly presented here, I want to make clear something that is not contested, that everybody agrees upon. And that is this, that medical advisors are important resources available to help ALJs decide disability benefits cases. And that indeed, in some cases, the use of such an advisor is necessary in order to fairly adjudicate a claim into a simple and adequate record. That's what this Court recognized in the Manzo-Pizarro case. And the Social Security Administration urges its administrative law judges to use medical advisors when they are necessary to fairly adjudicate a claim. But what's at issue here, Your Honors, is a series of decisions that have construed a Social Security Administration ruling as creating a strong presumption that a medical advisor be able to adjudicate a claim. That's not anything that's compelled by any statute. And the Social Security Administration has never understood its own rule as imposing that requirement. Under well-established principles of administrative law, the Social Security Administration's interpretation of its own rule is entitled to substantial deference. What is the interpretation? So the interpretation is this. It's that the rule is designed to address a very particular recurring scenario. And that relates to the inference of the onset of a disability from medical evidence, or at least the relevant portion of the rule addresses that. So I think what's most helpful is an example here. You have a date of diagnosis of a clear disability, such as Parkinson's disease. And we understand that as of, say, May of 2015, the claimant definitely had Parkinson's disease. But we want to figure out the onset date. We're working backwards from 2015 to figure out, well, given that the condition of the claimant was such and such in May of 2015, what can that tell us about 2014, 2013? Now, that's the sort of medical judgment. A lay ALJ isn't qualified to make. What is the interpretation of the rule? I understand the scenario. There's such a scenario, and the judgment has to be made. What is the government's position about how the reg, or the ruling, bears on that scenario? Does it impose any obligations of any kind, ever? So I think the rule is- That's sort of yes, no. One possibility is- I think the answer is yes, but I think it's really parroting something. It's not meaningfully supplementing an underlying obligation that already exists of the type recognized in Manzo-Pizarro. Because of the substantial evidence requirement. Because of substantial evidence. But, Joy, just to be clear about it, does the reg do any independent work in the government's view, yes or no? I think they're conditioned, there are circumstances where it might, Your Honor. What would be one? What I think it helps do is clarify and remove doubt that there is a particular recurring class of cases, and those cases are when you're making retroactive inferences about the onset of a disability based on medical evidence. The rule wants the ALJs, this is really about providing guidance to ALJs, and it's giving them clear notices. Maybe I can ask a different way. If you repeal the ruling, does anything change in the government's view about the obligations of ALJs? Not meaningfully, Your Honor, but I think the ALJs would lack guidance. I think it's helpful that the ALJs have this guidance that makes clear that this is a circumstance where they should certainly affirmatively go out and seek the use of a medical examiner. So I don't think the, of a medical advisor, I don't think the agency wants to repeal this rule. It's helpful guidance to the ALJs. It does sound to me you're clearly uncomfortable with the language of the rule. I mean, the court looks at the language of the rule and it's phrased in sort of mandatory terms, and the court applies it as it appears to be written. That's where I'd part company with the court below. After hearing the administrative law judge should call on the services of a medical advisor when onset must be inferred. Right, exactly, Your Honor. When onset must be inferred. When I just finished, the ALJ had to draw an inference about the date of the onset of disability. And the court is saying, under the Social Security Administration's own policy, in order to draw that inference, which is based upon a kind of medical judgment, really, you need to have a medical advisor to underlie the judgment that has to be made. I would strongly disagree with the notion that what the ALJ did here, in this case, was infer the onset date of the disability. The ALJ, what the ALJ looked at was contemporaneous medical records. The ALJ said, in 1996, Ms. Fisher received a steroid injection and a six-week naproxen prescription. In January of 1998, she got an MRI. The results were normal. And then in the fall of 98, she got an X-ray. The results were normal. Nothing further until 2004. Now, what the ALJ said, and this is subject to a substantial evidence challenge that wasn't addressed below, and we're not asking that court to rule on it in the first instance, but right or wrong, what the ALJ was doing there was not making an inference about onset. It wasn't working backwards from some established disability. It was making an inference of no onset. No. I don't think, what the ALJ was saying, I'm not even... But there's no inference? You're saying just plain as day? Is that the point? Yeah. What I think the ALJ was saying is, regardless of what Ms. Fisher's condition may or may not have been later on in 2011, for example, or 2013, as of the date of the hearing, I don't need to determine one way or another whether she was disabled then, because I think there's substantial evidence in the record that she was not disabled as of the critical date, which was in March of 1998. Mr. Saltzman, let me take a crack at this. As I read your brief, I thought your position was that this regulation only applies where there is an antecedent finding of disability, where there is a disability, but the question then becomes, what is the onset date of that disability? Because that will determine coverage. And the ALJ then has to refer to a medical advisor. But here, we never reached that point because the ALJ handled this at the second step of the inquiry, made no finding of disability, and simply said, I don't have to determine the onset date of a discerned disability because there's no disability here as of the date lost in short. Yeah, I think that's a pretty good summary of our position here. But just so, your position is when there's a finding of disability presently, the reg mandates then that in determining the state of the onset, they have to consult a medical official? Only if you're making an inference about onset date based on medical evidence. But if you look further up in the rule, it says you can look for things like the date the clinic stops working. What if I'm making an inference, is that by saying that, are you saying then, if I say there is no disability at the early onset period, that I'm not making an inference regarding onset? Yeah, I think that's right. So is the government's position then that only if I find that there was early onset that I have to consult a medical official? In other words, it only checks me from making an affirmative finding in favor of the claimant? What I'm saying is this rule Is that that's a yes? As distinguished from, I just want to be clear about the underlying obligation is recognized in Manto-Pizarro as distinct from what this rule does. I'm asking about the rule, I'm not talking about substantial evidence requirement, just the rule. Okay. Because you said the rule was mandatory. It uses the word should. It does. The government's position is that that should be read as shall? Yeah, we don't contest that. So when you have a finding of disability and you're making an inference based on medical evidence, working backwards from that about somebody's condition, yes, the ALJ must consult, but the ALJ could solve that situation in other ways. They could look at the date the claimant stopped working. They could look at lay testimony, for example, from colleagues or neighbors who might be able to report on the person's condition. Medical inference isn't the only way to resolve these cases, but when you are making a medical inference, which isn't what happened here. How do we know what counts as making a medical inference and what doesn't? I guess that's my question. Okay, so. What's our test for figuring out when an ALJ is doing that and when not? Sure, I think the paradigmatic case might be this court's unpublished decision in May, which was relied on below. There you had a finding that as of the date of the hearing, the claimant was disabled. You had a treating physician who offered a retrospective opinion and said, I'm treating this person. Not only are they disabled now, it's clear to me from their condition that they must have been disabled as of the critical date, which was, I think, five or seven years before. In that circumstance, if the ALJ is not going to credit the treating physician's position, I think under SSR 8322, the ALJ should at least be consulting with a medical advisor, as this court recognized in May. So that's the sort of circumstance. Thank you, your honors. Good morning. May it please the court, my name is Christine Casa, and I represent the appellee claimant in this matter. It is our position that if this court were to adopt the commissioner's position here, that would have a broad sweeping prejudicial effect upon all claimants who are alleging an onset date that is far back in time and where the medical evidence is ambiguous or inadequate, using the wording in SSR 8320, prior to the date last insured. The reason that's our position this would have such an effect is that it would really, it would effectively preclude all claimants who are alleging an onset date far in the past or who don't have adequate or clear evidence of their disability during their insured period. Can I understand how you, just understand what the reg would require, assuming it requires something. The reg would require the ALJ to get a medical consultant to look at the records that are there now? Yes. So it wouldn't produce any new records, he'd just look at the evidence that's already in the record and help the ALJ interpret it. That's correct, your honor. And the ruling specifically talks about these slowly progressive impairments, which is why I believe that it talks about why an onset date can be so far in the past. I understand that, I'm just trying to figure out what could the medical consultant do given this record that could plausibly be enough to get you over the bar? Well, in this record there is medical evidence that existed during the claimant's insured period that she had fallen off a ladder, that she had sciatica, that she was complaining of pain, and that she, and later on she went for an MRI, the results weren't anything, weren't supportive of her, but the judge found that they did show that she was still having those complaints. And then the record since then, including up until 2013 when we had the hearing on it, as of 2013 she still had this diagnosis of sciatica. But do you gotta have some, the medical consultant would have to be able to say something about that year before the last date of the insured? That's correct, and there are medical records that exist after the date last insured that reference back this fall that she had and how she's been having this pain for a number of years. And with all due respect, I don't think that the ALJ, and I think that's the reason 8320 exists, because the ALJ is not properly equipped to make that decision on those medical records. Counsel, I guess the government would argue that if that's true, then the substantial, there'll be a conclusion drawn that the substantial evidence does not support the determination that the ALJ has made. I mean, why do we have to, I understand an argument is that the rule itself requires that. The agency takes a different view, but why impose this sort of mechanical must procedure in a situation where the ALJ must already deal with the substantial evidence requirement? If, as you say, the ALJ is not competent to make the judgment that's made, it can be the argument that the evidence simply does not support the judgment that's been made. Why isn't that protective enough? Well, Your Honor, I think that this case is different because you have these two issues of this alleged onset date being so far in the past, along with the fact that the medical evidence, it was not inadequate during her insured period, was not adequate, excuse me, during her insured period of time, and that it could be considered ambiguous. And that is what the district court judge found that the medical evidence that existed during the claimant's period of insured was not unambiguous to support a finding of her not being disabled. The burden is on you to prove disability, right? I do agree that the burden is on the claimant to prove disability. Given that the burden's on you to prove disability, the fact that the evidence is unclear as to whether there's a disability, how does that help you? In other words, you have to prove that there actually is a disability. That's correct, Your Honor. So when the ALJ says, I look at this evidence and it doesn't seem clear, is your position that the medical consultant could look at that evidence and say it actually shows that you've met your burden, that there is a disability? Yes, Your Honor, to an extent, because I believe that the ALJ is tasked with making a decision, a determination of present disability, not just through the date last insured. Because the ALJ did not go past the date last insured, it is our position that he inferred an onset date, that he made a determination about an onset date. That's under your interpretation of the rule, but without the rule, just under the substantial evidence standard, how could you, when your exchange with Judge Lopez was suggesting that the ALJ is not confident to decide whether this evidence is not enough, but you have to show that that evidence would be enough to get you over the line. And I'm not seeing how the evidence that's before us could be so red. Your Honor, I believe that we have to look at the rule in conjunction with the claimant's burden of proof because the rule exists. And because of that, some of the language in the rule is very specific. And doesn't apply in situations where you don't have this ambiguity and you don't have all of these other factors in that are laid out in the rule. But for example, one of the things that 8320 says is that the expiration of insured status is not itself a consideration in determining when disability first began. So although the claimant does have the burden to prove that she's disabled, I believe that when you have a situation where 8320 comes into play, she, her burden of proof is, she doesn't have the burden of proof to show when her onset date is, if there's ambiguity or inadequate medical records. She has a burden of proof to show that she has a disability, but that's one of the reasons I believe the ALJ should have made a determination. Is that an argument about the substantial evidence standard? About what the reg does to change the substantial evidence standard or both? I believe it's about what the reg does to change the substantial evidence standard. It seems to me that it's really an argument against the sequential five-step analysis. You're trying to change the sequence. You're trying to say that the ALJ should have made a determination of present disability earlier in the analysis, instead of the ALJ saying that if there is no showing of disability as of the date last insured, he or she doesn't have to go any further. Your Honor, so in this case, as I'm sure you know, the ALJ found that she was not disabled as of her date last insured at step two of the analysis. He found that she had impairment, but it was not severe. But again, if you look at 8320, if you look at the reg, it specifically says that it's not necessary for an impairment to have reached listing level severity before onset can be established. Your position sounds like you're saying all step two judgments are implicitly assuming arguendo that there was at step one a disability. So we should just treat it as if there was a finding of disability if you just jumped to step two. No, Your Honor, only in cases where there's not clear medical evidence. If there's some indication of clear medical evidence at what, at step two, or with respect to the present disability? Clear medical evidence at step two. Counsel, there's something that seems odd about the way the district court applied this rule. Basically, the district court seemed to say that absent this rule, you would lose, that there was sort of just enough evidence to create some ambiguity about the onset date. If substantial evidence standard applied, it seems that the court was saying that there was enough evidence there for the ALJ to reach the decision that the ALJ reached. But because of this, one could argue, mechanical rule, the ALJ was not permitted to make that judgment without involving a medical advisor to supplement the evidence. That seems like an odd mechanical rule to apply, and I'm not quite sure what purpose it serves. Your Honor, I believe that the rationale for that, and I think that the judge lays it out pretty clearly, but that it's only because the ALJ did not make a finding of present disability as of the date of the hearing or as of the date of the decision. So we're back to what I was asking you before. So you would require an ALJ to make a finding of present disability in every case before going back to make any findings with respect to the last quarter, in short, last date? Well, not in every case, Your Honor. Only when there's a ambiguity or inadequate medical evidence, clearly, you know, that doesn't show that... So when you have ambiguity or inadequate medical evidence involved, and it cannot be clearly established when the disability began. Let me ask you one last question. Does this regulation apply to all disability claims or only where the injury or illness is non-traumatic? The ruling itself applies to a variety of... Not just when there's a traumatic or non-traumatic injury. There are other mental impairments and all that that the rule sets out, but there's different... Are there any other questions? Thank you. Thank you. I'm happy to answer any additional questions the panel has for me. I have one. Yes, please. In the government's view, if the ALJ here on the exact same record had found present disability, okay? So the medical records regarding what happened all the way through are exactly the same, but had made a finding of present disability. What is your position about how the rule would apply? I think the rule wouldn't necessarily apply here to the extent that because what the ALJ was doing was not working backwards and making that kind of inference of onset date here, at least the ALJ believed that the contemporaneous medical records were conclusive. Now that's subject to substantial evidence challenge. And one of the things that might have been pointed out to challenge that is the later holding. But I don't think if the ALJ was just basing its decision or primarily basing its decision on the contemporaneous medical records. In the way you would propose that we decide that. So I guess you're suggesting to me that if they had made a finding of present disability, but were less adamant or certain in the way they stated their conclusion, or is it that the evidence was less obviously clear to a judge reviewing it? That's what I'm trying to figure out. Yeah, I understand that difficulty, Your Honor. And unfortunately, some of this is very fact dependent. On the facts of this case, where you have a 15-year gap between the date last insured and the date of the hearing. And a ruling, which if you look at pages 830 and 831 of the appendix, focused exclusively what the court based its holding on. Just so I understand what you're getting at. Is your position on this for us to figure out whether the rule applies? We, in reviewing the ALJ decision in light of the rule, have to make a judgment about how strong the evidence is of no disability before the supposed onset date to determine whether the rule applies? Is that what you'd like us to do in every case? No, that's not what I'd like you to do, Your Honor. Okay, what would you like us to do? What I'd like you to do is to continue the work that the courts from this circuit have been doing well for decades, and enforcing the substantial evidence standard to ensure that there's an adequate record. And, Your Honor, in cases where there's a finding of disability and an administrative law judge is working backwards from that, is trying to interpret the significance of that diagnosis going backwards and making a medical inference on that basis, to apply SSR 8320 to mandate the use of a medical expert. In view of what's occurred during these arguments, Mr. Saltzman, it might be prudent to discuss or have someone at justice discuss with the Social Security Administration the obvious desirability of clarifying this regulation. Thank you, Your Honor. Thank you.